Johnson, J.
delivered the opinion of the Court.
The title of the plaintiffs to the land in dispute is not controverted, but it is insisted on the part of the defendant, that under the statute of limitations, it is divested by the possession of defendant, and his lessor, Richards: and it is certainly true, that they have been possessed of a small portion, some two or three acres, for a period of more than ten years, the time limited by the late act. But to this, it is replied, 1st, That the possession was unintentional, and involuntary. 2nd. That it was not adverse to the plaintiffs’ title, but in subordination to it, and therefore they were not barred.
The rule that a possession, to be operative, must be adverse, ruus through all the cases; and to intitle it so to operate, it must be so intended by the possessor, and in its character, and extent, piust be such, as will enable the owner, with ordinary diligence, to discover it. In Jones ads. Mickle, Harper, 419, it was held, that where, in clearing land, the party in possession, intending to conform to his own boundary, but being ignorant of the precise place, unintentionally extended his clearing beyond it, over upon his neighbor’s land, to a small extent, such a possession wanted the adverse character, and did not bar the plaintiff. So in Harrington v. Wilkins, 2 M’C. 289, it was held, that the possession was not adverse, where one entered who was in ignorance whether there was a better outstanding title, although there had been' such rumors, but declared that if a better title appeared, he would pay the owner of the land. And in Hall v. James, 3 M’C. 222, it is said, that a possession will not operate, when he who has it, declared that it was not intended as an adverse title.
How are the facts here? Richards, the defendant’s lessor, purchased from Abraham Markley, the ancestor of the plaintiffs, 175 acres, which were originally a part of the tract of land now jn dispute, and obtained from him a quit claim title for it. He afterwards located and obtained a grant for the whole tract, at the 'same time saying to Camp, the surveyor, that if Markley everpro *605 eluced his grant, “ he would give it up, or could but give it up.” This was in 1808 ; and in 1820 he said to the witness, Thomson, (and I quote his words from the Judge’s notes of the evidence, taken at the trial,) “ if Markiey produced his titles, he (Richards)hadnoelaimtotheland,overandabovethe 175acres,” which had been conveyed to him. If we take these declarations separately, or conjointly, they go to show, most unequivocally, that Richards, both before and after his possession commenced, did not intend it should operate adversely to Markiey’s claim, but in subordination to his title, if that should appear. In this respect it is the exact parallel of Harrington v. Wilkins ; and if I had taxed my imagination, I doubt whether I could have suggested a case, which would have illustrated the principle more clearly than that in hand.
The character of the defendant’s possession is rendered equivocal by other circumstances. Of the 175 acres which he had purchased, he had cleared the whole except a few acres, and that along the boundary line between the two tracts, and had only gone beyond the line in two places, to the extent of about one acre in one place, and two acres in the other. It may be, that this was accidental, and without regard to the boundary of the 175 acre tract; but it is certainly very improbable, that he would thus far have respected this ideal boundary, if he had supposed he had an equal right to the whole tract, or had intended to put the plaintiffs, or their ancestor, at defiance. In itself, this circumstance indicates, very strongly, a respect for the plaintiffs’ boundary; and when connected with Richard’s declarations, leaves no doubt on the mind. As an honest man, he did intend to hold,, subject to the right of the plaintiffs’ ancestor, and he ought to have acted upon that intention, and surrendered, when he was satisfied that his was the better title.
Conceding that the party in possession, may, by his acts, and declarations, give character to his possession, and explain that^ Which is apparently adverse, into a subordinate possession, it is asked, by the counsel opposed to the motion, ,can no circum* stances give it an adverse character, and will no length of pos^ session so operate! I answer, that the party in possession may change the character of his possession, whenever he pleases. He may do so by express declaration. So too, the assumption of an use demonstrably inconsistent with a subordinate character; such an one as unequivocally disregards the rights of all others ; *606 as for instance, extensive inclosures, or other valuable improve-tending to shew that he regards the land as his own; would doubtless have that effect. But it is said, that these are mere matters of fact, about which the verdict of the jury is conclusive. This argument is, however, addressed to the discretion of the Court, and it will be recollected, that the finding was opposed to the opinion of the Judge. Upon looking'into the report it will be seen, also, that his opinion was predicated solely on the nature and extent of the defendant’s possession, apparently without reference to the qualifications which Richards’ declarations gave to it. The probability, therefore, is, that the jury acted without regard to the most important facts in the case, and in ignorance of their bearing upon it. On this ground, therefore, I am clearly of opinion, that a new trial should be granted.
But apart from all other considerations, it is contended, on the part of the defendant, that the plaintiffs are concluded by the award of the arbitrators. In considering this question 1 have not thought it necessary to inquire, to what extent an attorney in Court can bind his client by an agreement, other than by rule of Court, to submit a cause, affecting the title to real estate, to arbitration. It is enough, that the only evidence of a submission, is, that it was made by the attorney, without the conseut of the client, and upon the condition, that the award should be void unless the client approved it; and it appears that the client did dissent, so that the award was void according to the very terms of the submission.
Q’Neall, J. and Martin, J. sitting for Harper, J. concurred.
Motion granted.